Jim Mackie, SBN 013314
F. David Harlow, SBN 027547
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., SBN 00504800
3430 E. Sunrise Drive, Suite 220
Tucson, AZ  85718
Telephone:  520.544.0300
Fax:  520.544.9675

jim.mackie@ogletreedeakins.com
david.harlow@ogletreedeakins.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| PETER G. THOMAS, a single man,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>　　　　　Defendant. | No.<br><br>**NOTICE OF REMOVAL** |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA, PHOENIX, ARIZONA

　　　Defendant Metropolitan Life Insurance Company ("Defendant" or "MetLife"), by and through undersigned counsel, hereby removes this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  In support of such removal, Defendant states as follows:

　　　1.　　Plaintiff ("Plaintiff" or "Thomas") filed this civil action (the "Action") in the Maricopa County Superior Court, Maricopa County, State of Arizona, on or about March 14, 2013.  The Action was assigned Case No. CV2013-002514.  Plaintiff served a Summons and Complaint on Defendant by U.S.

Certified Mail on March 19, 2013. Copies of the Summons and Complaint are attached hereto as Exhibit 1. A copy of the Service of Process showing service of the Complaint and Summons on Defendant on March 19, 2013 is attached hereto as Exhibit 2. A copy of the Plaintiff's Certificate of Compulsory Arbitration filed in Maricopa County Superior Court is attached hereto as Exhibit 3. Defendant has not yet answered the Complaint.

2. This Notice of Removal is timely filed within 30 days of Defendant's service of the Summons and Complaint on Defendant.

3. The Action is now pending in the Maricopa County Superior Court, which court is in the territory of the Phoenix Division of the U.S. District Court for the District of Arizona.

4. Plaintiff's Complaint presents state law claims that seek to recover benefits that he alleges are owed to him under his employer's Long Term Disability Plan, which is funded by an insurance policy issued by MetLife to his employer. (*See* Ex.1, ¶7) This group Long Term Disability Plan (hereinafter, the "Plan") referred to in Plaintiff's Complaint is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The Plan was provided to Plaintiff by his employer, Vestar Development. (Ex.1, ¶¶7, 8); 29 U.S.C. § 1002(1)(A) (defining welfare benefit plans under ERISA). Plaintiff was a participant in the Plan. *Id.* The purpose of the Plan is to provide eligible beneficiaries with disability benefits. *Id.* Therefore, the Plan is governed by ERISA. *Id.*

5. ERISA provides the exclusive remedy for resolution of claims brought by a participant or beneficiary of an employee welfare benefit plan and that relate to the plan. 29 U.S.C. § 1132(a)(1)(B); s*ee also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62-63 (1987).

6. A complaint arising under ERISA is necessarily federal in character and completely preempted by ERISA, resulting in conferral of original jurisdiction on this Court. *See*, *e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); 29 U.S.C. § 1132(e); 28 U.S.C. §1331.

7. A cause of action filed in state court which is preempted by ERISA and comes within the scope of ERISA is removable to federal court under 28 U.S.C. § 1441(b) as an action arising under federal law, even where (as here) the complaint does not on its face allege that it arises under ERISA. *See Felton v. Unisource Corp.*, 940 F.2d 503, 507-08 (9th Cir. 1991) (although the complaint did not state an ERISA cause of action on its face, the factual basis for the complaint "made it apparent that the action falls into the complete preemption area of ERISA").

8. ERISA preempts any state law claims asserted in the Complaint. *See Aetna Health,* 542 U.S. at 209-210 (any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy is completely preempted); *Felton*, 940 F.2d at 507-508.

9. Plaintiff's ERISA claim is removable to this Court under federal question jurisdiction. 29 U.S.C. § 1132(f); *Emich v. Touche Ross & Co.*, 846 F.2d 1190, 1195-96 (9th Cir. 1988).

10. The Action is therefore civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one that may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

11. This action is also a civil action over which this Court has subject matter jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed by Defendant pursuant to 28 U.S.C. § 1441.

12. Defendant is a New York corporation with its principal place of business in New York.

13. Plaintiff is alleged in the Complaint to be a resident of Maricopa County,

3

Arizona. (Ex. 1, ¶ 1)

14. Plaintiff's Complaint seeks recovery of his monthly disability benefits under the terms of the Plan from April 7, 2012 to the present. (Ex. 1 at ¶¶ 37 through 42).

15. Under the Plan, a participant who is eligible to receive long term disability benefits will receive a Monthly Benefit equal to "60% of the first $8,333 of Predisability Earnings" up to a "Maximum Monthly Benefit" of "$5,000."

16. Under the Plan, "Predisability Earnings" means "the amount of your gross salary or wages from your Employer as of the day before your Disability began."

17. Based on Plaintiff's salary as Chief Financial Officer of Vestar Development Co., Plaintiff seeks the Maximum Monthly Benefit of $5,000 per month, from April 7, 2012 to the present, and continuing into the future. (Ex. 1, ¶¶ 6, 37, 41).

18. Plaintiff's Complaint also seeks attorneys' fees (Ex.1, ¶¶ 42, 50) and punitive damages (Ex.1, ¶¶51-53).

19. Therefore, upon information and belief, Plaintiff's Complaint seeks recovery in an amount exceeding $75,000.00.

20. This Action is thus a civil action over which this Court has original jurisdiction under provisions of 28 U.S.C. § 1332, in that complete diversity exists with regard to the citizenship of the parties and the amount in controversy exceeds $75,000, and is one that may be removed by Defendant pursuant to 28 U.S.C. § 1441(a) and (b).

21. Defendant, in accordance with Rule 3.7, Rules of Practice of the United States District Court for the District of Arizona, affirmatively states that a copy of this Notice has been filed with the Clerk of the Maricopa County Superior Court of the State of Arizona in and for Maricopa County.

22. Defendant, in accordance with Rule 3.7, Rules of Practice of the United

4

States District Court for the District of Arizona, verifies that true and complete copies of all pleadings and other documents that were previously filed with the Maricopa County Superior Court in this action are submitted herewith.

WHEREFORE, Defendant hereby removes this action from the Maricopa County Superior Court, Maricopa County, State of Arizona, to this Court

DATED this 19th day of April, 2013.

                               OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/Jim Mackie
       Jim Mackie, SBN 013314
       F. David Harlow, SBN 027547
       3430 E. Sunrise Drive, Suite 220
       Tucson, AZ  85718
       Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that the on the 19th day of April, 2013, I electronically filed the attached document.

AND a copy of the foregoing document was served by First Class Regular Mail this same day on:

Chris R. Baniszewski
Warner Angle Hallam Jackson & Formanek, PLC
2555 East Camelback Road, Suite 800
Phoenix, AZ  85016
Attorneys for Plaintiff

By: /s/Carol Essig

5