Jim Mackie, SBN 013314
F. David Harlow, SBN 027547
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., SBN 00504800
3430 E. Sunrise Drive, Suite 220
Tucson, AZ  85718
Telephone:  520.544.0300
Fax:  520.544.9675

jim.mackie@ogletreedeakins.com
david.harlow@ogletreedeakins.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| PETER G. THOMAS, a single man,, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, <br><br> Defendant. | No <br><br> **EXHIBITS TO NOTICE OF REMOVAL** |

# EXHIBIT 1

MICHAEL K. JEANES
Clerk of the Superior Court
By kim whitson, Deputy
Date 03/14/2013 Time 16:17:14
Description                Amount
--------- CASE# CV2013-002514 ---------
CIVIL NEW COMPLAINT         301.00

TOTAL AMOUNT                301.00
         Receipt# 22832997

Chris R. Baniszewski, State Bar No. 015617
**WARNER ANGLE HALLAM**
 **JACKSON & FORMANEK PLC**
2555 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 264-7101
E-mail: cbaniszewski@WarnerAngle.com

Attorneys for Plaintiff Peter G. Thomas

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| PETER G. THOMAS, a single man,<br><br>             Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>             Defendant. | No. CV2013-002514<br><br>**COMPLAINT**<br><br>(Breach of Contract, Insurance Bad Faith, Punitive Damages) |

For his Complaint against Defendant, Metropolitan Life Insurance Company ("MetLife"), Plaintiff, Peter G. Thomas, alleges as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Mr. Thomas is, and was at all times relevant hereto, a resident of Maricopa County, Arizona.

2. Upon information and belief, Defendant is a New York corporation.

3. The events that give rise to this Complaint occurred in Maricopa County, Arizona.

4. This Court has jurisdiction over this dispute by virtue of A.R.S. § 12-123.

5. Venue is proper in Maricopa County, Arizona.

### GENERAL ALLEGATIONS

6. Mr. Thomas began working at Vestar Development Co. ("Vestar") in October of 1989. He was Vestar's Chief Financial Officer.

7. Effective November 1, 1999, Vestar obtained Group Policy No. 5542639-G (the "Policy") from Defendant which provided long term disability insurance coverage for Vestar's employees.

8. At all times during his employment with Vestar, Mr. Thomas met the eligibility requirements of the Policy.

9. In June of 2011, Mr. Thomas began missing work at Vestar due to bipolar disorder.

10. Mr. Thomas continued to work intermittently with Vestar from June 21, 2011 until December 6, 2011. During this time, Mr. Thomas was undergoing treatment for bipolar disorder, but he continued to receive his full salary from Vestar.

11. As of December 6, 2011, Vestar determined that Mr. Thomas could no longer perform his occupation as Chief Financial Officer. Accordingly, Vestar terminated Mr. Thomas' employment as of December 6, 2011 and ceased paying him his salary at that time.

12. On or about January 19, 2012, Mr. Thomas made a claim for long term disability benefits under the Policy.

13. Under the Policy, Mr. Thomas was entitled to a "Monthly Benefit" if he was "Disabled" and he became "Disabled" while covered under the Plan.

14. "Disabled" under the Policy means that, due to sickness, the insured is receiving "Appropriate Care and Treatment" from a doctor on a continuing basis and the insured is unable to earn more than 80% of his "Predisability Earnings" at his "Own Occupation" for any employer in the insureds "Local Economy".

15. Due to his bipolar disorder, Mr. Thomas became "Disabled" as defined in the Policy on December 6, 2011 when his employment with Vestar was terminated. His disability continues to this date.

16. Under the Policy, benefits begin to accrue on the date following the day the insured completes the "Elimination Period," and payments start on the date one month after completion of the "Elimination Period."

17. Under the Policy, the "Elimination Period" begins on the day the insured becomes "Disabled" and ends 90 days thereafter.

18. Mr. Thomas' elimination period began on December 7, 2011 and was completed on or about March 7, 2012.

19. Based upon the Elimination Period and the terms of the Policy, Mr. Thomas should have begun to receive his Monthly Benefit under the Policy on or about April 7, 2012.

20. On April 10, 2012, however, Defendant issued a letter notifying Mr. Thomas that he did not "qualify for LTD benefits effective September 19, 2011."

21. The reasons for denial of Mr. Thomas' LTD claim were stated as follows:

> "According to the file, your date last worked was June 20, 2011 and you were out of work due to Bipolar. The Plan has a 90 day elimination period in which your Long Term Disability would begin as of September 19, 2011. The Plan also indicates you must "Provide proof of Disability within 3 months after the end of your Elimination Period." This would mean that you had until December 19, 2011 to submit your request for the Long Term Disability benefits. We did not receive your Long Term Disability request until January 19, 2012 which is beyond the allowed 3 months."

22. Defendant's letter further stated as a reason for denial that:

> "Furthermore, your employer indicated that your date last worked was June 20, 2011 however you continued to work off site. Your employer indicated you were able to make decisions, review documents and emails sent to you. Your employer also indicated that you continued to be on the payroll until December 6, 2011 when you were terminated. You had received severance from December 6, 2011 to February 29, 2012."

23. Defendant's letter also asserted that certain information was lacking from Mr. Thomas' file.

24. Defendant's denial letter states that the insured may request a review of the claim in writing within 180 days after receipt of notice of denial of the claim.

25. On May 29, 2012, well within 180 days after Mr. Thomas received notice of denial of his claim, counsel for Mr. Thomas sent a letter to Defendant appealing the denial of Mr. Thomas' claim and requesting a further review of the claim.

26. The May 29th letter explained to Defendant that because Mr. Thomas was earning his full salary until December 6, 2011, he could not be determined to be "Disabled" under the Policy until that date. Accordingly, Defendant's apparent conclusion that Mr. Thomas became "Disabled" on June 20, 2011 was mistaken, as was its conclusion that Mr. Thomas had not requested Long Term Disability benefits beyond the allowed 3 months.

27. The May 29th letter explained that because Mr. Thomas was not "Disabled" under the Policy until December 6, 2011, he had until June 6, 2012 to request his Long Term Disability benefits and that Mr. Thomas had provided Proof of Disability on January 19, 2012.

28. The May 29th letter further states that Mr. Thomas believed that he had provided all the required information, but if there was specific information Defendant needed, Mr. Thomas would provide the information and documents.

29. Following the May 29th letter, counsel for Mr. Thomas spoke on the telephone with Defendant representative, Rhonda McCovery.

30. Ms. McCovery indicated that Defendant needed all of Mr. Thomas' medical records to review his claim even though Mr. Thomas had previously provided a substantial amount of information, including doctors' records, to support his claim, which was apparently ignored.

31. Despite the previous information that was provided, on September 7, 2012, counsel for Mr. Thomas sent all of Mr. Thomas' medical records to Ms. McCovery.

32. Since September 7, 2012, counsel for Mr. Thomas has tried to contact Ms. McCovery on several occasions by telephone, e-mail and a further letter dated November 29, 2012.

33. Neither Ms. McCovery nor anyone else from Defendant has contacted Mr. Thomas or his counsel regarding Mr. Thomas' claim, and Defendant has not responded to the May 29th letter requesting review of Mr. Thomas' claim.

34. Despite Defendants assertion in its denial letter that it would evaluate all the information provided regarding a further review of Mr. Thomas' claim and advise him of its determination in a timely manner, Defendant has not timely made a determination of Mr. Thomas' request for a review of his claim and Defendant has refused to communicate at all with Mr. Thomas or his counsel.

## COUNT I

### (Breach of Contract)

35. Plaintiff hereby incorporates by reference paragraphs 1 through 34 above as though fully set forth herein.

36. Mr. Thomas fully qualified for Long Term Disability benefits under the Policy as a result of him becoming "Disabled" on December 6, 2011.

37. Given Mr. Thomas' "Disability" he should have started receiving his "Monthly Benefit" under the Policy on or about April 7, 2012.

38. Defendant has not provided Mr. Thomas his Monthly Benefit and, instead, has wrongfully denied his claim.

39. Defendant has not timely responded to Mr. Thomas' request that it review the claim following the denial.

40. By wrongfully denying Mr. Thomas' claim and refusing to review the denial in a timely manner, Defendant has breached the Policy.

41. As a result of Defendant's breach of the Policy, Mr. Thomas has been damaged in that he has not received the benefits provided for in the Policy.

42. Mr. Thomas' claim arises out of contract and, therefore, Mr. Thomas is entitled to recover his costs and reasonable attorney' fees incurred herein pursuant to A.R.S. § § 12-341 and 12-341.01 or otherwise.

## COUNT II

### (Insurance Bad Faith)

43. Plaintiff hereby incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

44. There is an implied duty of good faith and fair dealing in every insurance policy.

45. Defendant intentionally denied Mr. Thomas' claim, failed to pay Mr. Thomas' claim and has delayed payment of Mr. Thomas' claim without a reasonable basis for such actions.

46. Defendant knew that it acted without a reasonable basis for its actions.

47. Defendant failed to perform an investigation or evaluation adequate to determine whether its actions were supported by a reasonable basis.

48. Defendant's actions have resulted in a breach of the duty of good faith and fair dealing.

49. Mr. Thomas has been damaged as a result of Defendant's breach of the duty of good faith and fair dealing in an amount to be proven at trial.

50. Mr. Thomas' claim arises out of contract and, therefore, Mr. Thomas is entitled to recover his costs and reasonable attorney' fees incurred herein pursuant to A.R.S. § § 12-341 and 12-341.01 or otherwise.

## COUNT III

### (Punitive Damages)

51. Plaintiff hereby incorporates by reference paragraphs 1 through 50 above as though fully set forth herein.

52. Defendant's actions related to Mr. Thomas' claim for Long Term Disability benefits under the Policy demonstrate that Defendant acted to serve its own interests, having reason to know and consciously disregarding a substantial risk that its conduct might significantly injure the rights of Mr. Thomas.

53. Defendant's actions related to Mr. Thomas' claim for Long Term Disability benefits under the Policy entitle Mr. Thomas to an award of punitive damages.

**WHEREFORE**, Plaintiff requests judgment against the Defendant as follows:

A. For damages as a result of Defendant's breach of contract in an amount to be proven at trial;

B. For damages as a result of Defendant's breach of the duty of good faith and fair dealing in an amount to be proven at trial;

C. For punitive damages in an amount to be proven at trial;

D. For Plaintiff's cost and reasonable attorneys' fees incurred herein; and

E. For such other and further relief as the Court may deem appropriate.

Dated this 14th day of March, 2013.

WARNER ANGLE HALLAM
JACKSON & FORMANEK PLC

By _____
Chris R. Baniszewski
2555 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Attorneys for Peter G. Thomas

271566.1

STATE OF ARIZONA
DEPT. OF INSURANCE
MAR 1 5 2013
TIME 1:30 pm
SERVICE OF PROCESS

Chris R. Baniszewski, State Bar No. 015617
**WARNER ANGLE HALLAM**
**JACKSON & FORMANEK PLC**
2555 East Camelback Rd., Suite 800
Phoenix, Arizona 85016
Telephone: (602) 264-7101
E-mail: cbaniszewski@WarnerAngle.com

Attorneys for Plaintiff Peter G. Thomas

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| PETER G. THOMAS, a single man,<br><br>            Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>            Defendant. | No.<br><br>CV2013-002514<br><br>**SUMMONS**<br><br>IF YOU WANT THE ADVICE OF A LAWYER, YOU MAY WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT 602-257-4434 OR ON-LINE AT WWW.LAWYERFINDERS.ORG. LRS IS SPONSORED BY THE MARICOPA COUNTY BAR ASSOCIATION |

**STATE OF ARIZONA TO DEFENDANT:**

**METROPOLITAN LIFE INSURANCE COMPANY**
c/o Director of Insurance
2910 N. 44th St., 2nd Floor
Phoenix, Arizona 85018

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this court. If served within Arizona, you shall appear and defend within 20 days after the service of the summons and complaint upon you, exclusive of the day of service. If served out of the state of Arizona—whether by direct service, by registered or certified mail, or by publication—you shall appear and defend within 30 days after the service of the summons and complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail out of the state of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the affidavit of compliance and return receipt or officer's return. Ariz. R. Civ. P. 4; Ariz. Rev. Stat.

§§20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that, in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the complaint.

**YOU ARE CAUTIONED** that, in order to appear and defend, you must file an answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any answer or response upon Plaintiff's attorney, whose name and address are set forth above. Ariz. R. Civ. P. 5 and 10(d); Ariz. Rev. Stat. §12-311.

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding. Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date:_____ COPY

CLERK OF SUPERIOR COURT  MAR 11 2013

MICHAEL K. JEANES, CLERK
K. WHITSON
DEPUTY CLERK

By_____
Deputy Clerk

*Warner Angle Hallam Jackson & Formanek PLC*

- 2 -

# EXHIBIT 2



**Service of Process Transmittal**
03/19/2013
CT Log Number 522349910

**TO:** Kaiper Wilson
Metropolitan Life Insurance Company
1095 Avenue of the Americas
New York, NY 10036-6796

**RE:** **Process Served in Arizona**

**FOR:** Metropolitan Life Insurance Company (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Peter G. Thomas, etc., Pltf. vs. Metropolitan Life Insurance Company, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Certificate Of Compulsory Arbitration, Complaint |
| **COURT/AGENCY:** | Maricopa County - Superior Court, AZ<br>Case # CV2013002514 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed claim for the long term disability benefits under the policym No. 5542693-G |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/19/2013 postmarked: "Illegible" |
| **JURISDICTION SERVED:** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Chris R. Baniszewski<br>Warner Angle Hallam Jackson & Formanek PLC<br>3550 North Central Ave.<br>Suite 1500<br>Phoenix, AZ 85012<br>602 264 7101 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/21/2013, Expected Purge Date: 03/26/2013<br>Image SOP<br>Email Notification, CTServiceof Process ctserviceofprocess@metlife.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Issis Gonzalez<br>2390 E. Camelback Road<br>Phoenix, AZ 85016<br>602-602-381-9104 |

Page 1 of 1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT 3



**COPY**

MAR 1 4 2013



MICHAEL K. JEANES, CLERK
K. WHITSON
DEPUTY CLERK

1  Chris R. Baniszewski, State Bar No. 015617
   **WARNER ANGLE HALLAM**
2  **JACKSON & FORMANEK PLC**
   2555 East Camelback Rd., Suite 800
3  Phoenix, Arizona 85016
   Telephone: (602) 264-7101
4  E-mail:  cbaniszewski@WarnerAngle.com

5  Attorneys for Plaintiff Peter G. Thomas

6  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7  **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| PETER G. THOMAS, a single man,<br><br>          Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>          Defendant. | No. CV2013-002514<br><br>**CERTIFICATE ON COMPULSORY ARBITRATION** |

Plaintiff Peter G. Thomas, through undersigned counsel, certifies that he knows the dollar limits and any other limitations set forth by the local rules of practice for Maricopa County Superior Court, and further certifies that this case is **not** subject to compulsory arbitration as provided by Local Rule 3.10(a), A.R.S. § 12-133, and Ariz. R. Civ. P. 72 through 76.

DATED this 14th day of March, 2013.

                                WARNER ANGLE HALLAM
                                JACKSON & FORMANEK PLC

                                By _____
                                   Chris R. Baniszewski
                                   2555 East Camelback Road, Suite 800
                                   Phoenix, Arizona 85016
                                   Attorney for Plaintiff Peter G. Thomas

274299.1